UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAWRENCE CARCHEDI, )<br><br>Plaintiff, )<br>v. )<br><br>ARROW ELECTRONICS, INC. )<br><br>Defendant. ) | Civil Action No. 09-cv-11634-NMG |

**ANSWER**

In accordance with Rule 8 of the Federal Rules of Civil Procedure, Defendant,
Arrow Electronics, Inc. ("Defendant" or "Arrow"), hereby responds to the Complaint of
Plaintiff, Lawrence Carchedi ("Plaintiff"), as follows:

1.       Defendant admits that Plaintiff resided at 151 Puritan Drive in Quincy,
Massachusetts, 02169 while he was employed at Arrow.  Defendant lacks sufficient
knowledge or information to admit or deny whether Plaintiff currently resides at that
address and therefore the allegation is denied.

2.       Defendant admits that it is a corporation incorporated under the laws of
the State of New York, and that it is licensed to do business in the Commonwealth of
Massachusetts. Defendant further admits that it is engaged in the production and
marketing of electronic components throughout the United States and worldwide.
Defendant denies that its office at 35 Upton Drive, Wilmington, Massachusetts is
Arrow's usual place of business.

3.      Admitted.

4.      Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 4 and therefore they are denied.

5.      Admitted.

6.      Defendant admits that Plaintiff worked with one of Arrow's suppliers, Intel, as a Field Applications Engineer.  Defendant denies that Plaintiff's position was the "Intel and Embedded Systems Field Applications Engineer."

7.      Denied.

8.      Denied.

9.      Denied.

10.      Denied.

11.      Defendant admits that Plaintiff's employment was terminated, in part, due to his failure to comply with a PIP.  Defendant denies the remainder of the allegation contained in Paragraph 11.

12.      Admitted.

13.      Defendant admits that Plaintiff's employment was terminated, in part, due to his failure to comply with a PIP, which contained company guidelines.  Defendant denies the remainder of the allegation contained in Paragraph 13.

14.      Denied.

15.      Denied.

16.      Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Admitted.

22.     Admitted.

23.     Denied.

24.     Denied.

25.     Admitted.

26.     Denied.

27.     Denied.

28.     Admitted.

29.     Denied.

30.     Denied.


COUNT I – BREACH OF CONTRACT

31.     Defendant repeats and incorporates herein its responses to Paragraphs 1-
30 of the Complaint.

32.     Defendant admits it has not paid Plaintiff any severance pay and denies that Plaintiff was entitled in any manner to severance pay.  Defendant denies the remainder of the allegations in Paragraph 32 of the Complaint.

33.     Denied.

34.     Denied.

### COUNT II – VIOLATION OF MASS. GEN. L. C. 151B

35.     Defendant repeats and incorporates herein its responses to Paragraphs 1-34 of the Complaint.

36.     Defendant states that Paragraph 36 of the Complaint is not subject to admission or denial because it is a conclusion of law as opposed to a statement of fact. To the extent that Paragraph 36 contains statements of fact, they are denied.

37.     Defendant states that Paragraph 37 of the Complaint is not subject to admission or denial because it is a conclusion of law as opposed to a statement of fact. To the extent that Paragraph 37 contains statements of fact, they are denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

In response to the "WHEREFORE" paragraph following Paragraph 43 of the Complaint, Defendant denies that Plaintiff is entitled to the requested relief in the paragraph, and further denies that he is entitled to any relief whatsoever.

COUNT III – VIOLATION OF 42 U.S.C. § 2000E et seq.
(Age Discrimination and/or Retaliation)

44.     Defendant repeats and incorporates herein its responses to Paragraphs 1-43 of the Complaint.

45.     Defendant states that Paragraph 45 of the Complaint is not subject to admission or denial because it is a conclusion of law as opposed to a statement of fact. To the extent that Paragraph 45 contains statements of fact, they are denied.

46.     Defendant states that Paragraph 46 of the Complaint is not subject to admission or denial because it is a conclusion of law as opposed to a statement of fact. To the extent that Paragraph 46 contains statements of fact, they are denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

In response to the "WHEREFORE" paragraph following Paragraph 52 of the Complaint, Defendant denies that Plaintiff is entitled to the requested relief in the paragraph, and further denies that he is entitled to any relief whatsoever.

5

In response to the "PRAYERS FOR RELIEF" section of the Complaint, Defendant denies that Plaintiff is entitled to the requested relief in the section, and further denies that it is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant states the following defenses:

### FIRST AFFIRMATIVE DEFENSE

Defendant states that the Complaint fails to state a claim upon which relief may be granted.  No allegations in the Complaint support the conclusion that age was the predominant cause of the Plaintiff's termination. The Plaintiff failed to meet reasonable performance standards and Defendant had legitimate, non-discriminatory reasons for dismissing Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

Defendant states, without an admission of any kind, that Plaintiff failed to mitigate any damages he may have suffered.

### THIRD AFFIRMATIVE DEFENSE

Defendant states, without an admission of any kind, that any damages that Plaintiff may have suffered were not actually or proximately caused by any act(s) or omission(s) on the part of the Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Defendant states that Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

FIFTH AFFIRMATIVE DEFENSE

Defendant states that Plaintiff is estopped and barred from alleging in this action matters to the extent that such matters were not properly alleged or within the scope of charges timely filed with the Massachusetts Commission Against Discrimination or the Equal Employment Opportunity Commission.

SIXTH AFFIRMATIVE DEFENSE

Defendant states that  Plaintiff's damages, if any, should be offset by any subsequent earnings or benefits and by any damages caused by Plaintiff to Defendant.

SEVENTH AFFIRMATIVE DEFENSE

Defendant states that, at all times referred to in Plaintiff's Complaint, Defendant dealt with Plaintiff in good faith and for legitimate business reasons and in no way acted wantonly, maliciously, or oppressively.

EIGHTH AFFIRMATIVE DEFENSE

At all times relevant to this suit, Defendant has acted in good faith with regard to Plaintiff and had reasonable grounds for believing its actions were not in violation of any law.

NINTH AFFIRMATIVE DEFENSE

At all times relevant to this suit, Defendant has acted in good faith with regard to Plaintiff and had reasonable grounds for believing its actions were not in violation of any law.

TENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

**WHEREFORE,** Defendant respectfully requests that this Honorable Court:

1.      Dismiss the Complaint in its entirety;

2.      Award Defendant its' reasonable attorneys' fees and costs; and

3.      Grant Defendant such further relief as the Court deems just.

Respectfully submitted,

ARROW ELECTRONICS, INC.,

By and through its attorneys,

/s/ Asha A. Awad
Mark H. Burak (BBO# 558802)
Asha A. Awad (BBO# 660861)
OGLETREE, DEAKINS, NASH, SMOAK, &
STEWART, P.C.
One Boston Place
Boston, MA  02108
Tel. (617) 994-5700
Fax (617) 994-5701

Dated:  October 6, 2009

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the above document was served on this 6th day of October, 2009 through the Court's electronic filing system and by regular mail to the attorneys of record.

/s/ Asha A. Awad
Asha A. Awad

7747349.1 (OGLETREE)